# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH PABON,**

    **Plaintiff,**

**v.**                                                         Case No:   6:15-cv-534-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Joseph Pabon (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for supplemental security income, in which he alleged a disability onset date of October 2, 2007, which was later amended to July 18, 2011.  Doc. No. 1; R. 31, 183-91.  Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) failing to include and/or fully account for all the limitations articulated by Dr. Brams, a non-examining physician, in her residual functional capacity ("RFC") determination; 2) relying on the vocational expert's ("VE") testimony in finding that he can perform other jobs in the national economy; and 3) finding his testimony concerning his pain and limitations not entirely credible.  Doc. No. 26 at 11-16, 18-20, 21-26.  Claimant argues the matter should be reversed for an award of benefits or, in the alternative, remanded for further proceedings. *Id*. at 30.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.     STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

This appeal largely centers on the ALJ's consideration of Dr. Brams' opinion.  The ALJ assigned Dr. Brams' opinion significant weight.  R. 37.  However, Claimant maintains the ALJ did not include or account for all the limitations identified by Dr. Brams, and failed to provide a reasoned explanation why she chose not to include all of the limitations identified by Dr. Brams.  Doc. No. 26 at 13-14.  Accordingly, Claimant argues the ALJ's RFC determination is not supported by substantial evidence.  *Id*. at 16.  In response, the Commissioner essentially argues the ALJ implicitly rejected several of the limitations identified by Brams, and therefore was not required to include or account for those limitations in her RFC determination.  *Id*. at 16-18.  The

Commissioner argues the ALJ's implicit rejection of those limitations is supported by substantial evidence. *Id*.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

On July 22, 2013, the ALJ held a hearing in this matter. R. 47-81. At the hearing, the ALJ heard testimony from Dr. Brams, who specializes in orthopedic surgery. R. 48-54. Dr. Brams testified that he never examined or treated Claimant, but reviewed all of the medical evidence submitted to the Commissioner in support of Claimant's application for disability. R. 49. Dr. Brams testified the medical evidence reveals Claimant suffers impairments of his left elbow, right shoulder, and lower back. R. 51. In light of these impairments, Dr. Brams opined Claimant can lift/carry ten (10) pounds frequently, and twenty (20) pounds occasionally. R. 53. When addressing Claimant's left elbow, Dr. Brams opined Claimant can occasionally lift things below waist level and with the left arm. R. 53. Dr. Brams opined Claimant can stand a maximum

of two (2) hours in an eight (8) hour workday. *Id.* Dr. Brams opined Claimant requires a sit/stand option. *Id.* Dr. Brams opined Claimant can occasionally kneel, stoop, crouch and crawl. *Id.* Dr. Brams opined Claimant has a limited ability to use his right arm to "work above shoulder level." R. 52. However, Dr. Brams does not explain the extent of this limitation (*i.e.*, whether Claimant can work with his right arm above shoulder level frequently, occasionally, or never). *Id.* Dr. Brams also opined Claimant "may" be unable to perform repetitive fine manipulations with his right hand. R. 54.[1]

At step two of the sequential evaluation process, the ALJ found Claimant suffers from the following severe impairments: disorders of the spine; disorders of the right shoulder (as of March 2013); and history of left elbow fracture. R. 33.[2] At step four of the sequential evaluation process, the ALJ found Claimant can perform light work as defined by 20 C.F.R. § 416.967(b), with the following limitations:

> [N]o more than two hours of walking; with a need to change positions between sitting and standing at will; no more than occasional stooping, kneeling, crouching, and crawling; and, as of March 2013, no more than occasional overhead reaching with the right upper extremity.

R. 33-34.[3] In so finding, the ALJ considered, among other things, Dr. Brams' testimony and opinion, and assigned Dr. Brams' opinion "significant weight" without qualification. R. 37. Claimant argues the ALJ erred by assigning "significant weight" to Dr. Brams' opinion, but failing

---

[1] The record contains no opinions from a treating physician pertaining to the relevant period, and only one opinion from a one-time examining physician, Dr. Alvan Barber, from August 30, 2011. R. 368-73.

[2] The ALJ also found Claimant suffers from the following non-severe impairments: right ear trauma, history of left knee internal derangement, history of episodic vertigo, history of childhood right hand trauma and ulcers. R. 33.

[3] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).

to include or account for Dr. Brams' opinions concerning Claimant's ability to lift below the waist, lift with his left arm, and work above shoulder level with his right arm. Doc. No. 26 at 14.[4] An ALJ is not required to include every limitation in a medical opinion into his or her RFC determination simply because he or she assigned great or significant weight to that opinion. *See, e.g.*, 20 C.F.R. 404.1527(e)(2)(i) ( "Administrative law judges are not bound by any findings made by State agency medical or psychological consultants[.]"). The ALJ, however, is required to provide a reasoned explanation as to why he or she chose not to include particular limitations in his or her RFC determination. *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."); *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)).

As an initial matter, the Court finds the ALJ committed no error with respect to Dr. Brams' opinion that Claimant has a limited ability to work above shoulder level with his right arm. The ALJ found Claimant can perform "no more than occasional overhead reaching with the right upper extremity" as of March of 2013. R. 34. Thus, the ALJ's RFC determination does account for Dr. Brams' opinion regarding Claimant's right arm limitation.[5] Accordingly, Claimant's

---

[4] Claimant does not argue the ALJ erred by omitting Dr. Brams' opinion that he "may" be unable to perform repetitive fine manipulations with his right hand. *See* Doc. No. 26 at 13-14. Accordingly, the Court finds Claimant has waived that argument on appeal. *See, e.g.*, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court). However, on remand, the ALJ should address that portion of Dr. Brams' opinion.

[5] Dr. Brams did not opine when Claimant's limitation using his right arm manifested nor did he opine how often Claimant could work above the shoulder with his right arm. *See* R. 48-54. Therefore, there is no conflict between the ALJ's findings regarding that limitation and Dr. Brams' opinion.

argument is unavailing to the extent he argues the ALJ failed to include or account for Dr. Brams' opinion that he has a limited ability to work above shoulder level with his right arm.

The ALJ's RFC determination does not include or otherwise account for Dr. Brams' opinion concerning Claimant's ability to lift below the waist or lift with his left arm.  R. 33-34.  Having given significant weight to Dr. Brams' opinion, the ALJ should have provided a reasoned explanation as to why her RFC determination did not include or otherwise account for Dr. Brams' opinion concerning Claimant's ability to lift below the waist or lift with his left arm.  *See Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at \*6-7.  The ALJ's decision contains no such explanation.  R. 34-38.  The Commissioner argues the ALJ implicitly rejected these lifting limitations, and the ALJ's implicit rejection of these impairments is supported by substantial evidence.  Doc. No. 26 at 16-18.  However, the ALJ's decision does not evince an implicit rejection of Dr. Brams' lifting limitations, since she assigned Dr. Brams' opinion significant weight without qualification.  R. 37.  Further, to the extent the ALJ may have intended to reject those limitations, she provided no reasoned explanation for doing so.  R. 34-38.  Without any explanation for this action, the Court is unable to conduct a meaningful review of the ALJ's decision to not include or otherwise account for all of Dr. Brams' lifting limitations. [6]  Accordingly, the Court finds the ALJ's RFC determination, and consequently her decision, is not supported by substantial evidence, and the case must be reversed.[7]

Since reversal is necessary, the Court must address Claimant's bald request that the case be remanded for an award of benefits.  Doc. No. 26 at 30.  Reversal for an award of benefits is

---

[6] Although the Commissioner does not argue harmless error, the Court finds the error is not harmless as it is unclear what impact the inclusion of the lifting impairments – if they were ultimately included in the ALJ's RFC determination – would have on his ability to perform other work in the national economy.

[7] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *See Walden*, 672 F.2d at 840.   Here, the matter is being reversed because the ALJ did not articulate why she did not include all of Dr. Brams' limitations in her RFC determination despite assigning his opinion significant weight.   Neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice.   Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

### III. **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and
2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on May 19, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kelley Fitzgerald
Administrative Law Judge
c/o Office of Disability Adjudication and Review

Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224